## <u>EXHIBIT 1</u>

**Declaration of Steven Kress**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>TUG ROBERT J. BOUCHARD<br>CORPORATION,<br><br>         Post-Effective Date<br>         Debtor. | Chapter 11<br><br>Case No. 20-34682 (DRJ)<br><br>(Formerly Jointly Administered under<br>Lead Case: Bouchard Transportation Co.,<br>Inc., 20-23682)<br><br>**<u>DECLARATION OF STEVEN KRESS</u>** |

I, Steven Kress, hereby declare:

1.    I am the Vice President of Operations of McAllister Towing & Transportation Co. Inc. ("<u>McAllister</u>") and each of its operating subsidiaries.  I am submitting this declaration, in response to the objections interposed by Bouchard Transportation Co., Inc. and its subsidiaries (together, "<u>Bouchard</u>") to claims filed by Peak Credit LLC, the transferee of claims based on the unpaid invoices of McAllister's operating subsidiaries to Bouchard.

2.    I have been employed by McAllister for four decades, having joined the company in 1982 as a Tug Dispatcher at the Port of New York, and have personal knowledge of McAllister and its subsidiaries, their billing practices generally and the company's business relationship with Bouchard.

3.    McAllister, through its subsidiaries, operates a fleet of over 50 tugboats, crew boats and barges in 17 locations along the east coast of the United States, from Portland, Maine to San Juan, Puerto Rico.  McAllister's principal office is in lower Manhattan.

4.    None of McAllister or any of its subsidiaries ever had a contract with Bouchard.

5.    Rather, Bouchard paid McAllister or its subsidiaries on the basis of invoices submitted, since at least 2006.

6.   The invoices of McAllister subsidiaries that are the subject of the Debtors' late interest objections (Third Omnibus Objection, Ex. A, Rows 12-45 and 50-52 and Fourth Omnibus Objection, Ex. A, Rows 2 and 19-50) and disputed invoice objections (Third Omnibus Objection, Ex. A, Rows 54-55 and Fourth Omnibus Objection, Ex. A, Rows 61-62) were all submitted to Bouchard in the same manner as all other invoices of McAllister and its subsidiaries to Bouchard, namely, by mail and by email, immediately or within a few days following the invoice date.

7.   None of Bouchard, or its managers or officers, ever made any oral or written objection, prior to the commencement of these bankruptcy cases, to (a) said invoices, or any portion thereof, (b) the late charges called for in said invoices (each invoice states on its face: "Past Due 30 Days, Subject to 1.5% Interest per Month") or (c) late charges called for in other invoices issued by McAllister or its subsidiaries to Bouchard, all of which include the same language on their face.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 04, 2021, in New York, New York.

Steven J. Kress